IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,671

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH V. DONALDSON,
*Appellant.*

SYLLABUS BY THE COURT

Non-sex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 15, 2014. Appeal from Sedgwick District Court; CLARK V. OWENS II, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals, affirming in part and dismissing in part the judgment of the district court, is affirmed. Judgment of the district court is affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

STEGALL, J.: The State charged Joseph V. Donaldson with one count each of aggravated kidnapping, aggravated battery, and criminal threat. The events leading to these charges occurred in June 2011. A jury later convicted him as charged, and after finding that Donaldson had a criminal history score of A, the court sentenced him to a total controlling 592-month prison sentence. By virtue of his aggravated kidnapping conviction, the court imposed lifetime registration pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*

Donaldson appealed, alleging several errors, including that his lifetime offender registration violates the Ex Post Facto Clause. At the time he committed the crimes, Donaldson would have been subject to registration only if the victim of the aggravated kidnapping charge was under the age of 18. See K.S.A. 2010 Supp. 22-4902(a)(4)(B); K.S.A. 2010 Supp. 22-4906(a). After the State charged Donaldson but prior to trial, our legislature amended KORA in such a way that Donaldson is currently subject to lifetime registration. See L. 2011, ch. 95, sec. 6; K.S.A. 2011 Supp. 22-4906(d)(10) (providing for lifetime registration for any offender who has been convicted of aggravated kidnapping). According to Donaldson, because the State did not present any evidence that the victim was under the age of 18 and because the pre-2011 version of KORA applied, he should not be subject to registration.

The Court of Appeals rejected Donaldson's claim, holding that registration is not punishment, so the 2011 amendments could be applied retroactively to him. *State v. Donaldson*, No. 109,671, 2014 WL 4080074, at *11-12 (Kan. App. 2014) (unpublished opinion). The panel further affirmed his conviction and sentence, and we granted review solely to address his ex post facto claim.

2

We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017), slip op at 8.

Therefore, to prevail, Donaldson must demonstrate that violent offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to violent offenders. We recently confronted a nearly identical question in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017). In that case, we declined to hold that KORA registration is punishment where "the record . . . is insufficiently developed for [the defendant] to persuasively argue KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders." *Meredith*, 306 Kan. at ___, slip op. at 6; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted] '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996) (holding that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers*' determination that the legislature intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*,

3

304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." *Meredith,* 306 Kan. at ____, slip op. at 10.

Donaldson's claim suffers from the same flaw. He is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to violent offenders are punishment and subject to the limitations of the Ex Post Facto Clause.

Affirmed.

***

BEIER, J., dissenting: Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017); and *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), I respectfully dissent from the majority's decision in this case. "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.